**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BONNIE ANTHONY,**
      Plaintiff**,**

v.                                             Case No:

**WOLPOFF AND ABRAMSON RECOVERY SERVICE CORPORATION**
(a Maryland Corporation)
and
**ZAKHEIM AND ASSOCIATES, P.A.**
(a Florida Professional Association)
      Defendants.
_____/

## COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

1.  Plaintiff brings this action to secure redress against unlawful debt collection practices engaged in by Defendants. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA")

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), of the Fair Debt Collection Practices Act and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); and the invasions of Plaintiff's personal privacy and the intentional infliction of emotional distress caused by these Defendants in their illegal efforts to collect a consumer debt.

4.  Venue in this District is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

5.  Plaintiff, BONNIE ANTHONY ("the consumer"), is an individual who resides in the Middle District of Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Based upon information and belief, Defendant WOLPOFF AND ABRAMSON RECOVERY SERVICE CORPORATION ("WOLPOFF") is a Maryland corporation with its principal place of business at 5350 Spectrum Drive, Suite J, Frederick MD 21703 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.  Based upon information and belief, Defendant ZAKHEIM AND ASSOCIATES, P.A., ("ZAKHEIM") is a Florida professional association with its principal place of business at 1045 South University Drive, Suite 202, Plantation, Florida 33324 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.  The Defendants regularly use the United States Mail and/or instrumentalities of interstate commerce in a business for the principal purpose of collecting debts or they regularly collect or attempt to collect debts for other parties. They are "debt collectors" as defined in the FDCPA.

## TRIAL BY JURY

9.  Plaintiff is entitled to, and hereby respectfully demands, a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## FACTUAL ALLEGATIONS

10. The Defendant debt collectors attempted the collection of one or more alleged debts from the Plaintiff which arose out of transactions primarily for personal, family, or household purposes, namely an alleged credit card.

2

11. The Defendants are debt collectors and/or corporate entities responsible for the collection efforts against the Plaintiff, and consent of and have knowledge and control of the collection activities of their representatives, including supervisors, managers, employees, servants, partners, creditors, collectors, servicers, agents, vendors, assignees, transferees, collectors and / or contractors, concerning MBNA account number 5200-0101-8798-4360.

12. On September 9th 2006, the National Arbitration Forum awarded MBNA America Bank, N.A. a total amount of $15,182.07 against Plaintiff concerning MBNA account number 5200-0101-8798-4360; a copy of the arbitration award is attached hereto as Exhibit "A".

13. Defendant, WOLPOFF, sent Plaintiff a letter dated October 11th, 2006 demanding $15,182.07 from the Plaintiff in an attempt to collect the arbitration award; a copy of the demand letter is attached hereto as Exhibit "B".

14. Defendant, ZAKHEIM, sent Plaintiff a letter dated November 15th, 2006 notifying Plaintiff that she owed $16,050.57; a copy of the letter is attached hereto as Exhibit "C".

15. Defendant, ZAKHEIM's letter dated November 15th, 2006 failed to indicate the debt's legal status as an arbitration award.

16. The conduct of Defendants in an effort to collect an alleged debt by making false, deceptive and/or misleading representations in connection with the amount of the debt; by failing to disclose the legal status of the debt; and by attempting to collect interest, fees, charges, or expenses not allowed by law, and by using unfair or unconscionable means to collect a debt is violative of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e(2)(A), 1692f(1), and 1692k.

17. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiffs' home and workplace.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reavers, realleges, and incorporates paragraphs 1 through 13 above as is fully set forth herein.

19. Defendant, WOLPOFF, and/or Defendant, ZAKHEIM misrepresented the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

20. Defendant, WOLPOFF, and/or Defendant, ZAKHEIM, misrepresented the amount of the debt in violation of 15 U.S.C. §1692e(2)(A).

21. Defendant, WOLPOFF, and/or Defendant, ZAKHEIM attempted to collect interest, fees, charges, or expenses not allowed by law in violation of 15 U.S.C. §1692f(1).

22. Defendant, WOLPOFF, and/or Defendant, ZAKHEIM thereby violated, 15 U.S.C. §1692 *et seq* including but not limited to §1692e(2)(A) and 1692f(1) of the FDCPA.

23. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for an award of:

    a. actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant.

    b. statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant.

    c. costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

    d. such other and further relief as may be just and proper.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

24. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

25. The Plaintiff had a reasonable expectation of privacy, solitude and seclusion, in Plaintiff's private concerns or affairs.

26. Defendants intentionally intruded on the Plaintiff's solitude, seclusion, and/or private affairs.

27. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

28. As a result of such invasions of privacy, Plaintiff suffered a severe injury and is therefore entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

    b. for such other and further relief as may be just and proper.

## COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

30. Defendants' acted intentionally or recklessly while attempting to collect on the alleged debt.

31. Defendants' conduct was extreme and outrageous.

32. Defendants' conduct was directed at the Plaintiff or a third person in the Plaintiff's presence.

33. The Defendants' conduct proximately caused the Plaintiff emotional distress.

34. The emotional distress suffered by Plaintiff was severe.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  for an award of actual damages from each and every Defendant for the intentional infliction of emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

b.  for such other and further relief as may be just and proper.

Dated this 29th day of January, 2007

GIARDINALAW, P.A.

  /s/ James S. Giardina

James Giardina
Florida Bar No. 942421
Address: 3802 Bay to Bay Boulevard
Suite 11
Tampa, FL 33629
Phone No.:  (813) 857-7512
Fax: (866) 535-7199
Attorney for Plaintiff

FROM :SINARDICUNNINGHAM WHALEN        FAX NO. :839-5900            Jar. 29 2007 11:59AM  P1

  01/08/2007   09:05   7277871110              JOHN HUNKLER                    PAGE  07/00



NATIONAL ARBITRATION
# FORUM

MBNA America Bank, N.A.
c/o Wolpoff & Abramson, L.L.P.
Attorneys in the Practice of Debt Collection
702 King Farm Blvd, Two Irvington Centre
Rockville, MD 20850-5775

         CLAIMANT(s),              AWARD

                        RE:    MBNA America Bank, N.A. v Bonnie Anthony
                               File Number: FA0607000744757
                               Claimant Account Number: 5200010137984360

Bonnie Anthony
2535 Newbern Ave
Clearwater, FL 33761

        RESPONDENT(s)-

The undersigned Arbitrator in this case FINDS and CONCLUDES:

                              Case Summary

1.  The Claimant has filed a Claim with the National Arbitration Forum.
2.  After Proof of Service of the Claim was filed with the Forum, the Forum mailed to Respondent a Second Notice of Arbitration.
3.  An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules.
4.  The Parties have had the opportunity to present all evidence and information to the Arbitrator.
5.  The Arbitrator has reviewed all evidence submitted in this case.

                                Decision

1.  The Arbitrator knows of no conflict of interests that exist.
2.  This matter involves interstate commerce and the Federal Arbitration Act governs this arbitration.
3.  The Claim was properly served on the Respondent by Claimant in accordance with Rule 6, including a Notice of Arbitration.
4.  On or before 07/06/2006 the Parties entered into a written agreement to arbitrate their dispute.
5.  No Party has asserted that this Arbitration Agreement is invalid or unenforceable.
6.  The Parties' Arbitration Agreement is valid and enforceable and governs all the issues in dispute.
7.  This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.
8.  This matter has proceeded in accord with the applicable Forum Code of Procedure Rules.
9.  The evidence submitted supports the issuance of this Award.
10. The applicable substantive law supports the issuance of the Award.

Therefore, the Arbitrator ISSUES:
An Award in favor of the Claimant, for a total amount of $15,182.07.

Entered and Affirmed in the State of Florida          ACKNOWLEDGEMENT AND CERTIFICATE
                                                               OF SERVICE

                                              This Award was duly entered and the Forum hereby certifies that
                                              pursuant to the Parties' Arbitration Agreement, a copy of this Award
                                              was sent by first class mail postage prepaid to the Parties at the above
                                              referenced addresses, or their Representatives, on this date.

Richard N. Jeffries, Esq.
Arbitrator                                    Honorable Harold Kahn, Ret.
                                              Director
Date: 09/27/2006                              Date: 09/27/2006

                        PLAINTIFF'S
                          EXHIBIT
                            A

FROM :SINARDICUNNINGHAM WHALEN      FAX NO. :839-5900           Jan. 29 2007 11:59AM  P2

01/08/2007  03:05   7277871110           JOHN HUNKLER                    PAGE  03/08

**LAW OFFICES**
**WOLPOFF & ABRAMSON, L.L.P.**
*Attorneys in the Practice of Debt Collection*
(A National Collection Attorney Network Firm)
6883 TOWN CENTER ROAD
SUITE 1002
BOCA RATON FL 33486
561-995-8127
OUTSIDE BOCA RATON LOCAL AREA
(TOLL FREE)
1-800-888-2706
FACSIMILE (888) 723-1033

PLEASE DIRECT ALL INQUIRIES TO BOCA RATON OFFICE

OCTOBER 11, 2005

Ronald S. Canter, Esq.
ADMITTED: (MD. DC. FL. PA)

180714921
BONNIE ANTHONY

2535 NEWBERN AVE
CLEARWATER FL  33761

W&A File No.   180714921

Re:  MBNA/MASTERCARD
BONNIE ANTHONY

Balance: $ 15182.07

As you are aware, your delinquent account was submitted for binding Arbitration and an Arbitrator has issued an Award against you. This amount is due and owing.

We are providing you with an opportunity to contact our office in order to resolve this matter. Please note that in the event this Arbitration Award remains unpaid, our client has requested that we evaluate your account for judicial enforcement under state law.

Very truly yours,

WOLPOFF & ABRAMSON, L.L.P.

*[signature]*

The above attorney personally requested that this letter be sent after he/she reviewed relevant portions of our file for the limited purpose of sending this letter

---

Please detach and return in the enclosed envelope.

[ ]  I mailed a check on

[ ]  Here is payment in full made payable to the creditor. Thanks for waiting.
     (If paying by Western Union Quick Collect or ACE Cash Express, please see payment instructions on reverse side.)

[ ]  Enclosed is payment in full made payable to the creditor, but it's post-dated a few days.
     (Not applicable for residents of Massachusetts.)

[ ]  I cannot call you during the day.

[ ]  Please have someone call me. My telephone number during the day is
     My telephone number in the evening is

[ ]  I have made an electronic payment through the Internet at www.wolpoflaw.com or the W&A Automated Payment Attendant at 1-800-895-4900.

**\*\*\*This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose.\*\*\***

W&A File No.      180714921

PLAINTIFF'S
EXHIBIT
B

8

FROM :SINARDICJNNINGHAM WHALEN      FAX NO. :839-5900          Jan. 29 2007 12:00PM  P3

01/09/2007  09:50    7277871118                JOHN HUNKLER                 PAGE 01/01

*Law Offices of*

**ZAKHEIM & ASSOCIATES**
A PROFESSIONAL ASSOCIATION
1045 SOUTH UNIVERSITY DRIVE
SUITE 202
PLANTATION, FLORIDA 33324

RECIEVED
JAN 0 9 2007
TAMPA, FL

SCOTT C. ZAKHEIM*
*ALSO MEMBER OF N.Y. BAR
FLYNN LA VRAR
RICHARD BATEAGLINO
SASHA HARO

TELEPHONE: (954) 735-4455
FAX: (954) 735-0827

November 15, 2006

BONNIE ANTHONY
2535 NEWBERN AVE
CLEARWATER FL 33761

RE: MBNA AMERICA BANK, N.A / BONNIE ANTHONY
Account Number: 5200010187984360
Our File Number: 3000160910.001

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692: 91 STAT. 874; PUB. L. 95-109 (September 20, 1977) amended by 100 STAT. 768, PUB. L. 99-361.

Our law firm is attempting to collect a debt that is owed to MBNA AMERICA BANK, N.A and any information obtained will be used for that purpose. This communication is from a debt collector. Should you desire to speak to someone to discuss the possibility of entering into a payment arrangement, please contact us at 800-531-5490.

In accordance with the above Act, you are further notified of the following information:

1. The amount of the debt: $16050.57 as of the date of this letter. This amount may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the creditor or pursuant to applicable statute.
2. Name of the creditor to whom the debt is owed:    MBNA AMERICA BANK, N.A
3. Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this Notice, we will assume that the debt is valid.
4. If you notify us in writing within thirty (30) days after receipt of this Notice that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment against you and it will be mailed to you.
5. We will provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within thirty (30) days after receipt of this Notice.

ZAKHEIM & ASSOCIATES, P.A.

Sasha Haro, Esquire

PLAINTIFF'S EXHIBIT
C

9