IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BONNIE ANTHONY <br><br> Plaintiff <br><br> vs. <br><br> WOLPOFF & ABRAMSON, L.L.P. <br><br> Defendant | CASE NO.: 8:07cv00188-T23MSS |

## WOLPOFF AND ABRAMSON, L.L.P.'S MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW

COMES NOW, Defendant Wolpoff & Abramson, L.L.P., mistakenly referred to as Wolpoff & Abramson Recovery Services Corporation in the original Complaint, and moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) Fed.R.Civ.P. on the grounds it fails to set forth a cause of action for which relief may be granted.

I.   FACTS

Plaintiff filed a three-count Complaint against Wolpoff & Abramson, L.L.P. ("W&A") (mistakenly named Wolpoff & Abramson Recovery Services Corporation in the Complaint), and Zakheim and Associates, P.A., based out of the efforts of both law firms to pursue collection and enforcement of Plaintiff's delinquent credit card account. In connection with the collection efforts, W&A, as attorneys for MBNA America Bank, N.A.("MBNA"), filed an arbitration claim with National Arbitration Forum ("NAF")[1] against the Plaintiff. Ms. Anthony was served with notice of the claim (Plaintiff's Exhibit A, ¶ 2, Case Summary), and an arbitration hearing notice was delivered to her (Plaintiff's Exhibit A, ¶ 3, Case Summary).

---

[1] The designated arbiter, the National Arbitration Forum, has been described as a model of fair cost and fee allocation for small claim consumer cases. See, Green Tree Financial v. Randolph, 531 U.S. 79, 95 N.2 (2000) (Ginsburg J., concurring in part).

1

The arbitration was referred to Richard N. Jeffries, Esquire. Mr. Jeffries determined that the parties entered into a written agreement to arbitrate their dispute (Plaintiff's Exhibit A, ¶ 4, Decision), that the arbitration agreement is valid and enforceable and governs all issues in the dispute. Id. at ¶ 6; that the matter has proceeded in accordance with the applicable Forum's Code of Procedure Rules. Id. at ¶ 8; and that the evidence supports the issuance of the award, Id., at ¶ 9. Mr. Jeffries thereupon entered an arbitration award in favor of MBNA in the sum of $15,182.07. After the entry of the arbitration award, W&A wrote to Ms. Anthony on October 11, 2006, stating that "an arbitrator has issued an award against you. This amount is due and owing." (Plaintiff's Exhibit B.) The letter references the exact amount of the arbitration award ($15,182.07).

Beyond the recitation of these undisputed facts, the substance of Plaintiff's Complaint is found at Paragraph 16 where she asserts that "the conduct of Defendants in an effort to collect an alleged debt by making false, deceptive, and/or misleading representations in connection with the amount of the debt; by failing to disclose the legal status of the debt; by attempting to collect interests, fees, charges or expenses not allowed by law, and by using unfair or unconscionable means to collect the debt is violative of number numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692e(2)(a), 1692f(1) and 1692(k)." Plaintiff claims she has suffered actual damages as a result of these actions, including humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, abuse and invasion of her personal privacy at her home and work place (Compl. ¶ 17).

As a result of these conclusory allegations, Plaintiff asserts violations of the FDCPA in Count I. In Count II, Plaintiff claims her privacy was invaded through intrusion on her solitude and seclusion. In Count III, Plaintiff claims W&A intentionally inflicted emotional distress upon

her. Because Plaintiff's Complaint consists solely of unsupported and unspecified legal conclusions, this Court should dismiss this case.

## II. STANDARD OF REVIEW

This Court, in ruling on a 12(b)(6) motion, is limited to a consideration of the pleadings and exhibits attached to the complaint and must accept the allegations and the attachments as true. Grossman v. Nations Bank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). However, a pleading cannot survive a motion for dismissal when it consists only of the barest conclusory allegations. Jackson v. Bellsouth Telecommunications, 372 F.3d 1250, 1271 (11th Cir. 2004). Unsupported conclusions of law or of mixed law and facts are not sufficient to withstand a dismissal under Rule 12(b)(6). Id. quoting Quackner v. Daewoo Heavy Industries America Corp., 289 F.3d 1268, 1271 (11th Cir. 2002).

Plaintiff asserts pendent jurisdiction pursuant to 28 U.S.C. § 1367 and claims Defendant has committed state law torts of invasion of privacy by intrusion upon seclusion and intentional infliction of emotional distress. This Court enjoys wide discretion in determining whether to exercise supplemental jurisdiction, or in the alternative, to dismiss state law claims when the federal causes of action have been dismissed. Noble v. White, 966 F.2d 797 (5th Cir. 1993).

## III. THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the Fair Debt Collection Practices Act for the purpose of eliminating abusive debt collection practices. [15 U.S.C. § 1692(e)]. In 1986, Congress repealed the prior exemption enjoyed by attorneys collecting debts on behalf of clients. See Heintz v. Jenkins, 514 U.S. 291 (1995).

There are three major regulatory components to the FDCPA. First, debt collectors are required to furnish an initial written notice to a debtor pursuant to 15 U.S.C. § 1692g. The notice

must disclose the debtor's right to dispute the validity of the debt and to make a written demand within thirty (30) days of receipt of the notice to obtain documentation verifying the obligation. The notice must also advise the debtor that collection efforts must cease upon receipt of a timely written demand for validation until the collector obtains verification of the debt and sends it to the debtor. Second, the FDCPA limits communications that a debt collector may have with either the debtor (15 U.S.C. § 1692c) and/or with third parties (15 U.S.C. § 1692b). The third major regulatory component addresses prohibited conduct. Collectors may not engage in conduct which harasses or abuses a debtor (15 U.S.C. § 1692d); collectors may not use false or misleading statements in connection with the collection of a debt (15 U.S.C. § 1692e) and collectors may not engage in unfair collection practices (15 U.S.C. § 1692f).

In this case, Plaintiff claims in Count I that W&A violated 15 U.S.C. § 1692e(2)(a) which prohibits "the false representation of - the character, amount or a legal status of any debt"; 15 U.S.C. § 1692f(1); which proscribes "the collection of any amount (including any interest, fee, charge or expense to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"; and 1692k, which does not address any prohibited conduct but merely expresses the amount of damages to be allowed in a successful action under the FDCPA.

IV. **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY CONSIST OF THE BAREST LEGAL CONCLUSIONS DEVOID OF ANY FACTUAL SUPPORT**

A. FAIR DEBT COLLECTION PRACTICES ACT

The only statements made by W&A referred to in Plaintiff's Complaint are found in the October 11, 2005 letter. (Plaintiff's Exhibit B). Plaintiff's Complaint is otherwise silent as to what the Defendant law firm claimed, either orally or in writing that was false, deceptive, or

misleading in alleged violation of 15 U.S.C. § 1692e(2). Additionally, although Plaintiff claims that the law firm attempted to collect amounts not authorized by the agreement or permitted by law as prohibited by 15 U.S.C. § 1692f(1), the attachment to Plaintiff's Complaint (Exhibit A) conclusively refutes this allegation and establishes that the amount of the arbitration award ($15,182.07) was the exact amount referred to in W&A's letter of October 11, 2006. (Exhibit B.)

Defendant's letter accurately recites the amount of the arbitration award and properly discloses that the award was entered against Ms. Anthony. Plaintiff has failed to identify any statements other than those appearing in her exhibits supporting her claim that W&A made false or misleading statements to her and/or attempted to collect amounts not authorized by the agreement or permitted by law.

"Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (internal citation omitted). Because Plaintiff's Complaint is nothing more than speculation and is flatly contradicted by her own exhibits, her claim is not sufficient to withstand a motion to dismiss under Rule 12(b)(6) as to the FDCPA causes of action.

2.   INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

In Count II, Plaintiff asserts a state law claim for invasion of privacy by intrusion upon seclusion. Restatement, 2d, Torts, § 652B, defines the elements of intrusion upon seclusion as occurring where "one . . . intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns (and) is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Plaintiff's Complaint does nothing more than recite the legal elements required to establish a

claim of invasion of privacy by intrusion upon seclusion. Although Plaintiff alleges Defendant intruded upon her seclusion, she has failed to explain how W&A, by sending a letter explaining that an arbitration award was entered against her and advising her that the law firm will "evaluate your account for judicial enforcement under state law", (Exhibit 2) has intruded, physically or otherwise, upon her solitude or seclusion.

Courts that had considered state law claims for intrusion upon seclusion based upon debt collection activity require the showing of extreme conduct by a debt collector. See, e.g., Bauer v. Ford Motor Credit Company, 149 F.Supp. 2d 1106, 1111 (D. Minn. 2001) ("the Court believes that a reasonable person should expect that a company charged with collecting a delinquent account would display a certain degree of persistence when the person on the other end of the telephone denies responsibility for the debt"). The Court in Bauer ruled there was a question of fact as to the invasion of privacy claim where the debtors solicited the local sheriff, postmaster and an attorney, all of who contacted the creditor to advise that their information regarding the circumstances of the debt were incorrect. The Court held that "under these circumstances, where Defendant received multiple and highly reliable confirmations of the inaccuracy of its records, the Court must agree that a reasonable person could regard Defendant's continued persistence, culminating in a repossession attempt at the Plaintiff's home as 'highly offensive' conduct." Id. at 1110. See also, Joseph v. J.J. McIntyre Company, LLC, 238 F.Supp. 2d 1158 (N.D. Cal. 2002) [finding material issue of fact existed as to whether debtor's privacy was invaded when, over a nineteen (19) month period, a debt collection agency made nearly 200 hundred calls to a debtor, who was a physically disabled senior citizen and, on some days, made multiple calls after debtor requested no further calls be made].

In this case, Plaintiff has not alleged a single fact beyond the mailing of a truthful, non-deceptive and non-intrusive letter. There are no other facts alleged which, if proven, could make out a cause of action for intrusion upon seclusion. For these reasons, Count II should be dismissed.

3.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Florida law imposes a very high standard on a plaintiff alleging intentional infliction of emotional distress. To prevail on this claim the plaintiff must show that "(i) the defendant negligently or recklessly inflicted mental suffering (ii) by outrageous conduct; (iii) which conduct must have caused the suffering; and (iv) the suffering must have been severe." Stires v. Carnival Corp., 243 F. Supp. 2d 1313, 1319 (M.D. Fla. 2002). Liability will be found only where the conduct has been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278 (Fla. 1985). Whether conduct is sufficiently outrageous or intolerable is a question of law. Id; Tucci v. Smoothie King Franchises, Inc., 215 F. Supp. 2d 1295 (M.D. Fla. 2002), and only in "extremely rare circumstances" will courts uphold claims for intentional infliction of emotional distress. Gonzalez-Jimenez de Ruiz v. U.S., 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002). Additionally, "the subjective response of the person who is the target of the actor's conduct is not to control the question of whether the tort occurred. Rather, an evaluation of the claimed misconduct must be undertaken to determine, as objectively as possible, whether it is atrocious and utterly intolerable in a civilized community." Ponton v. Scarfone, 468 So. 2d 1009 (Fla. 2nd DCA 1985).

As with the invasion of privacy claim, the Plaintiff merely alleges in a wholly conclusory fashion the legal elements needed to establish a claim for intentional infliction of emotional distress (Compl. ¶ 30). In the absence of any facts supporting the elements, this cause of action should be dismissed.

Only where a collector has engaged in outrageous conduct will a cause of action for intentional infliction of emotional distress lie. See, Ford Motor Credit Company v. Sheehan, 373 So. 2d 956 (Fla. App. 1979) (conduct was beyond the pale when in attempting to locate debtor, the creditor's employee falsely represented that the debtor's children had been involved in a serious automobile accident). Plaintiff has completely failed to identify any conduct of W&A that was extreme or outrageous. The only communication referred to in her Complaint is a straightforward, non-deceptive letter of October 11, 2006 advising her of the arbitration award and W&A's intent to pursue judicial enforcement. Given that there are no facts to support a claim for intentional infliction of emotional distress, Count III should be dismissed.

V.   CONCLUSION.

Based upon the foregoing, Defendant is entitled to dismissal of the Complaint, pursuant to Rule 12(b)(6) Fed.R.Civ.P.

WHEREFORE, Defendant respectfully requests an Order from this Court dismissing Plaintiff's Complaint.

Respectfully submitted,

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
**THE PRESTON LAW FIRM, L.L.P.**
100 North Tampa, Suite 1975
Tampa, Florida 33602
813-275-0404 (p)
813-275-0304 (f)
dgolden@prestonlawfirm.com
**Attorneys for Defendant**
*Wolpoff and Abramson, LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically with the Clerk of the Federal District Court, Middle District of Florida, and the Clerk has made the necessary distribution to the interested parties, this 5th day of March 2007.

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE