IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BONNIE ANTHONY,**
    Plaintiff**,**

v.                                                                                                   Case No: 8:07cv00188-T23MSS

**WOLPOFF AND ABRAMSON, LLC**
(a Maryland Corporation)
and
**ZAKHEIM AND ASSOCIATES, P.A.**
(a Florida Professional Association)
    Defendants.
_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT WOLPOFF AND ABRAMSON, LLC's
MOTION TO DISMISS COMPLAINT**

Plaintiff, BONNIE ANTHONY, by and through her undersigned counsel, files this response to Defendant's WOLPOFF AND ABRAMSON, LLC (W&A) Motion to Dismiss and in support thereof, states as follows:

W&A asks this Court to dismiss Plaintiff's Complaint on the grounds it fails set forth a cause of action for which relief may be granted pursuant to Rule 12(b)(6) Fed. R. Civ. P.  However, a motion to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. is only granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99,102, 2 L.Ed.2d 80, (1957).  *See also Harper v. Blockbuster Entertainment Corp*., 139 F.3d 1385, 1387, C.A.11 (Fla.), 1988.  If a complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently pled. *Dotschay v. Nat. Mut. Ins. Co.,* 246 F.2d

1

221 (5th Cir.1957). The *Federal Rules of Civil Procedure* "do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley*, 355 U.S. at 47, 78 S. Ct. 99. All that is required is that the plaintiff set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.,* 47.

In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and all reasonable inferences taken therefrom. *Stephens v. Department of Health and Human Services*, 901 F.2d 1571, 1573, C.A.11 (Ga.), 1990. *See also Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), cert. denied, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

W&A correctly states that a Plaintiff must do more than merely label claims to survive a motion to dismiss. However, even a cursory review of Plaintiff's Complaint will show that Plaintiff did not merely label claims, but carefully and succinctly identified the violations perpetrated by Defendants.

The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. Further, a single violation of the statute is sufficient to establish civil liability. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir.1993). Additionally, letters sent to debtors in an attempt to collect on a debt violate the FDCPA when they overstate interest charges, even when interest calculations are only slightly overstated, since overstated interest charges is nonetheless an attempt to collect interest not permitted by law. *Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000) (Interest charges that were overstated by $1.29, $1.84, and $.65 against three debtors constituted violations of FDCPA).

In the instant case, an arbitration award was entered in favor of creditor, MBNA America Bank N.A. (MBNA) on September 9, 2006 in the amount of $15,182.07. One month and two days later, in a letter dated October 11, 2006, W&A attempted to collect the exact amount of the arbitration award, $15,182.07. One month and four days after W&A's letter, Plaintiff received a letter from ZAKHEIM claiming the balance was now $16,050.07. ZAKHEIM claims that the $868.50 increase in the amount sought, only one month and four days later, was due to accruing interest. However, W&A provided in its letter dated one month and two days after the arbitration award that no interest or fees had accrued in the month since the arbitration award. Being told a $15,182.07 debt was accruing interest and fees of over $800 a month was shocking and distressing to the Plaintiff.

When determining whether the FDCPA has been violated, the Court must apply an objective test focused on how the least sophisticated consumer would be affected by Defendant's collection practices. *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1172-75 (1st Cir.1985). See also *Rivera v. Amalgamated Debt Collection Services, Inc.,* 462 F.Supp.2d 1223 (S.D. Fla., 2006). Plaintiff is unable to discover who supplied ZAKHEIM with Plaintiff's debt information and is unable to determine if W&A is responsible for providing inaccurate information to ZAKHEIM or whether the information in W&A's October 11, 2006 letter was inaccurate. It is imperative that Plaintiff be able to conduct the discovery necessary to answer these questions.

Similarly, the Plaintiff is unable to discern without discovery, how ZAKHEIM came to be involved in this matter. Was ZAKHEIM contacted by MBNA or by W&A? Plaintiff would also like to ascertain whether W&A has any current stake or fee sharing

3

agreement with ZAKHEIM.  Plaintiff believes the answers to the above questions are integral in proving Plaintiff's case, because a debt collector may be held vicariously liable for the conduct of its attorney.  *Ditty v. Check Rite, Ltd.*, 973 F.Supp. 1320,1333 (D. Utah 1997). "Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct."  *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D.N.M.1994).  *See also Newman v. Checkrite California, Inc.,* 912 F.Supp. 1354, 1370 (E.D.Cal.1995) (debt collector may be found vicariously liable for the conduct of its attorney.); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1486 (M.D.Ala.1987). (vicarious liability for a debt collector).  Because ZAKHEIM's relationship to W&A cannot be determined at this time and because it is a very likely possibility that ZAKHEIM is acting as a local agent for W&A. Plaintiff should be permitted to conduct discovery to ascertain the relationship of the Defendants.

WHEREFORE, Plaintiff requests that this Court deny Defendant W&A's Motion to Dismiss and require W&A to answer the Complaint within twenty (20) days.

Respectfully submitted,

Dated this 23rd day of March, 2007

GIARDINALAW, P.A.

  /s/ James S. Giardina_____

James Giardina
Florida Bar No. 942421
Address: 3802 Bay to Bay Boulevard
Suite 11
Tampa, FL 33629

4

                          Phone No.: (813) 857-7512
                          Fax: (866) 535-7199
                          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed on the 23rd day of March, 2007 with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Wolpoff and Abramson, LLP, and Zakheim and Associates, P.A.

                          /s/ James S. Giardina

                        James Giardina
                        Florida Bar No. 942421
                        Address: 3802 Bay to Bay Boulevard
                        Suite 11
                        Tampa, FL 33629
                        Phone No.: (813) 857-7512
                        Fax: (866) 535-7199
                        Attorney for Plaintiff